UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION 3:08–CV–127–H

MARY HIGDON                                                                                    PLAINTIFF

V.

PREMIER CONCRETE PUMPING, INC.                                          DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Plaintiff Mary Higdon ("Higdon") brought this diversity action against Defendant Premier Concrete Pumping, Inc. ("Premier") alleging that Premier discriminated against her and terminated her employment (I) because she pursued workers' compensation benefits in violation of Ky. Rev. Stat. Ann. § 342 ("Workers' Compensation Act") and; (ii) as a result of her disability in violation of Ky. Rev. Stat. Ann. § 344 ("Kentucky Civil Rights Act" or "KCRA"). The instant dispute concerns whether Premier is an "employer" subject to liability under the KCRA for discrimination based on disability. The KCRA defines "employer" as:

> a person who has eight (8) or more employees within the state in each of twenty (20) or more calendar weeks in the current or preceding calendar year and an agent of such a person, except for purposes of determining discrimination based on disability, employer means a person engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year . . .

Ky. Rev. Stat. Ann. § 344.030(2). The parties disagree on whether all of Premier's employees should be included in this tally or only those in its Louisville office, where Higdon was an employee. Premier moves to dismiss Higdon's KCRA claim arguing that the tally of the employees at the Louisville office does not satisfy the statutory minimum described in Ky. Rev.

Stat. Ann. § 344.030(2).

I.

Discovery is not complete at this early stage of the proceedings. However, because both parties have submitted affidavits and additional records in support of their arguments, the Court will treat Premier's partial motion to dismiss as one for partial summary judgment under Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

II.

Premier is a Tennessee corporation with three offices in Tennessee (located in Nashville, Memphis, and Clarksville) and three offices in Kentucky (located in Paducah, Louisville, and Bowling Green). From these locations, Premier offers concrete pumping services. It is undisputed that between all of its offices, Premier's total workforce exceeded fifteen employees in each of twenty or more calendar weeks in 2006 and 2007.[1] Premier, however, has submitted its business records for 2006 and 2007 which show that for those years Premier's Louisville

---

[1] Pursuant to the statute, the relevant time period for counting employees is calendar weeks in the "current or preceding calendar year." Ky. Rev. Stat. Ann. § 344.030(2). Because Higdon's termination occurred in 2007, the relevant years are that year, and 2006.

office did not have fifteen or more employees on its payroll for twenty or more weeks.

Premier urges that only the employees in Premier's Louisville office should be considered for KCRA purposes because Premier is not a "single employer," a judicially-created status under which the relationship of nominally separate business entities leads a court to consider them as one employer.[2] The "single employer" analysis considers four factors: (I) interrelation of operations, (ii) common management, (iii) centralized control of labor relations, and (iv) common ownership and financial control. *Palmer v. Int'l Assoc. of Machinists & Aerospace Workers, et. al.*, 882 S.W.2d 117, 119 (Ky. 1994). What constitutes a "single employer" is a case-by-case determination. *Id.* In *Palmer*, for example, the court concluded that district lodges and local union lodges were distinct from the International Association of Machinists and Aerospace Workers for purposes of the KCRA employee count. There, the court noted that "each unit separately conducts its daily operations and finances. There is a separate treasury for each local union and each unit is required to file separate employee and tax forms with the appropriate federal revenue department. The management of each unit is fundamentally different." *Id.* at 119.

Similarly here, Premier argues that the Louisville office, and not Premier, Inc., should be considered Higdon's employer. In support of this argument, Premier offers the affidavit of its office manager, Jennifer Inglese. Inglese says:

> The Louisville office functions independently from the other offices of Premier Concrete. The office conducts its own sales business in selling parts for customers. The Louisville office manages outside sales, the employment and termination of its workers, and the maintenance of the office equipment. The Louisville office pays for the costs of

---

[2]Under some circumstances, for example, a parent company may be joined together with other entities or subsidiaries to meet the minimum number of employees required to constitute an employer under the KCRA.

3

>accounting and clerical services provided by myself and Alexis Meeks. Specifically, the Louisville office pays for the preparation of payroll checks, general bills, and accounting services. The Louisville office of Premier Concrete maintains a separate bank account and is solely responsible for this account. The Louisville office is solely responsible for the day-to-day decisions of that office; only exceptionally large and uncommon purchases are approved through the Nashville office.

Premier's Reply to Mot. to Dismiss Exh. B.

Notwithstanding these facts, the Court finds Premier's argument on the single employer doctrine misplaced under these circumstances. As described above, a single employer question arises where a court must determine the relationship of two legally distinct but somehow related businesses to determine whether their relationship is close enough that the parent company may incur liability for actions taken by a subsidiary. But here there is only one corporation, which undisputedly employed fifteen or more individuals for twenty or more weeks during 2006 and 2007.[3] Higdon is not suing the "Louisville office" of Premier, and indeed it would be impossible for her to do so since the Louisville office is simply one sales location of a single corporation – not a separate corporation, subsidiary, or entity. Premier's own website confirms that it is one corporation with "multiple locations." Higdon's Resp. to Mot. to Dismiss Exh B. That each location maintains some autonomy in its sales and employment decisions does not convert them into separate business entities and the Court finds no support for the proposition that the "single employer" theory would be used to fragment or disaggregate a unitary corporation. Premier does not argue that the Louisville location is independently owned, or is a franchise operation, only that it maintains a separate bank account for expenditures.

---

[3]The parties appear to agree that when a party alleges discrimination based on disability, the KCRA expands its reach to employers "engaged in an industry affecting commerce," and the tally of employees is not restricted to those employees located within Kentucky. But even if the statue required fifteen or more employees within in the state during the applicable period, Premier qualifies as an "employer" when the employees in the Bowling Green and Paducah offices are included.

Thus, because it is undisputed that between its offices Premier employed fifteen or more employees for twenty or more weeks in the years 2006 and 2007, the Court concludes that it is an "employer" as defined by the KCRA.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Premier's partial motion to dismiss is DENIED.

This is NOT a final order.

cc:   Counsel of Record